JULIA A. WILLIAMS, *et al.*, v. DAVID R. McKINNEY, *et al.*

WILL—*Life Estate to Widow—Remnant of Estate to Minor Children.* In his will M. stated that he had already given to those of his children who had reached majority such portion of his estate as he deemed just and proper; and after bequeathing to each of them a small additional allowance, and directing the payment of his debts out of his estate, provided as follows: "All the residue of my real and personal property, after the payment of my debts, and the payment of the amounts herein bequeathed to my said heirs, I give and bequeath to my beloved wife Nancy, for her sole use and benefit, and for the rearing, nurture and education of my minor children, to wit, D. R., A., and S.; and it is my wish, desire and bequest, that at her death all that remains of my said real and personal property, and its rents, issues, and increase, shall fall to and be owned by my said heirs D. R., A., and S., to be divided between them, and if possible by them share and share alike." *Held,* That under the terms of the will the widow took only a life estate, and that what remained of the estate at her death became absolutely the property of the minor children.

*Error from Douglas District Court.*

THIS action was brought by the plaintiffs to effect a partition of the northeast quarter of section 30, township 14, in range 20, containing 160 acres, and a strip of land in the northwest quarter of the same section, containing about 23 acres, all of which is situate in Douglas county. The plaintiffs and defendants are the children of William McKinney and Nancy McKinney his wife, now deceased, excepting Frederick Hindman and Nora Hindman, who are the minor children of Sally A. Hindman, a deceased daughter of said William and Nancy McKinney. The parties all claim under a certain will made by William McKinney, on the 24th day of September, 1867. The action was tried in the district court, at the April Term, 1884, upon an agreed statement of facts, a copy of which is as follows:

"It is agreed that the following statements are true, and they are hereby accepted as facts proven in this case by the parties hereto: That William McKinney was a citizen and resident of the county of Douglas, state of Kansas, prior to his death and up to that time, and that he died at said county

on the 10th day of October, 1868; that at the time of his death he was the owner of the fee-simple title of the lands described in plaintiffs' amended petition filed in this cause on the 22d day of April, 1884; that said William McKinney, now deceased, left as his heirs the persons alleged to be his heirs on the second page of said amended petition, and the said persons there mentioned were the only heirs of said William McKinney at the time of his death, and are the persons who are now entitled to a division of the property of William McKinney, or Nancy McKinney his wife, now deceased, if plaintiffs' allegation and theory are true and correct; that said William McKinney, on the 24th day of September, 1867, made, executed and acknowledged and published as his last will and testament, the original of which a true copy is set out in plaintiffs' amended petition filed herein as aforesaid, and that said instrument was, and is, the last will and testament of said William McKinney; that said will was duly probated in the probate court of Douglas county, state of Kansas, on the 19th day of October, 1868; that the wife of said William McKinney survived him, and that she, to wit, Nancy McKinney, duly appeared before the probate court of Douglas county, state of Kansas, and made application to take under the will of her said husband, William McKinney, at which time and place the probate judge of said county fully explained to said Nancy the provisions of said will, her rights under said will, as well also her rights under the law; and thereupon said widow, to wit, Nancy McKinney, elected to take under the will of her said husband, William McKinney. The estate of said William McKinney was settled prior to the 20th day of June, 1882; on or about the 20th day of June, 1882, Nancy McKinney died intestate. During her life she made no disposition of said real estate described in plaintiffs' amended petition. The parties plaintiff and defendant were the only and are the sole heirs of said Nancy McKinney and William McKinney. The debts and obligations of the said Nancy McKinney have been fully paid. There has not been a division of said property between the heirs of said William and Nancy KcKinney. The defendants in this action are in possession of said premises, all and singular, described in plaintiffs' petition, and claim to own the fee-simple title thereto, and deny that plaintiffs and each of them have any title or interest in said premises. The plaintiffs claim to be the equal owners in fee simple with the said defendants, of and to all the

property described in said amended petition, and entitled to the equal possession thereto with the said defendants. The debts of the said Nancy McKinney have been fully settled and satisfied."

The will referred to in the agreed statement is as follows:

"In the name of the benevolent Father of all, I, William McKinney, aged 57 years the 25th day of April, 1867, being of sound mind and memory, residing in the township of Palmyra, county of Douglas, state of Kansas, do make and publish this my last will and testament. Having provided for and given equally, as I intended and believed, to the male children born unto me, to wit, Wilday McKinney and Nicholas McKinney, now of age, such portion of my estate as I deemed just and proper, and to the female children born unto me, in the same manner equally provided and given to them, to wit, Polly Jane Reid, Julia A. Moore, Marion Breeze, and Sally Ann Hindman, I give and bequeath to each of my said children the sum of one dollar additional, and to the heirs of Sally Ann Hindman, to wit, Freddy Hindman and Nora Hindman, the sum of fifty dollars each, which I desire paid to my said heirs by my executrix, as soon as convenient after the time that my just debts and funeral expenses and expenses of my last illness are fully paid. It is my desire that my debts be paid out of my estate without costs accruing in and through the probate court. All the residue of my estate and personal property, after the payment of my debts and the payment of the amount herein bequeathed to my heirs, I give and bequeath to my beloved wife Nancy, for her sole use and benefit, and for the rearing, nurture and education of my minor children, to wit, David Russell, Archibald, and Susan; and it is my wish, desire and bequest, that at her death all that remains of my said real or personal property, and its rents, issues, and increase, shall fall to and be owned by my said heirs David Russell, Archibald, and Susan, to be divided between them, and if possible by them share and share alike. I do hereby nominate and appoint my beloved wife Nancy, guardian of my said minor children, and executrix of this my last will and testament, with all the powers and privileges which I would enjoy or have if living, in the adjustment of the debts due from or to me, and desire that no appraisement, sale or other proceeding be had touching my estate which may require the action of the probate court, save and except the probate of this my

will and testament. I hereby revoke all former wills made by me.

"In testimony whereof, I have hereunto set my hand and seal, this 24th day of September, 1867.

 [Seal.]      WILLIAM McKINNEY."

Upon the agreed facts the court found in favor of the defendants, and that the plaintiffs had no right, title or interest in the land in controversy, and decreed the title thereto to be in the defendants. The plaintiffs excepted to the findings and judgment of the court, and bring the case here.

*Riggs & Nevison*, and *S. C. Russell*, for plaintiffs in error.

*J. W. Green*, and *W. C. Spangler*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The evident purpose of this action is to obtain a construction of the will made by William McKinney on September 24, 1867, and under which all the parties to the action claim. The case turns upon the single question whether by the terms of the will Nancy McKinney, the widow, took an estate in fee simple, or only a life estate, in the lands in controversy. The plaintiffs claim that upon the death of William McKinney his widow became the absolute owner of the lands, and that when she died intestate the lands descended to the plaintiffs and defendants under the law of descents and distributions of this state. On the part of the defendants it is contended that the will gave to the widow only a life estate, and that upon her death the lands, under the terms of the will, became the property of the defendants, who were minors when the will was made and when William McKinney died. After making certain specific bequests, the testator provides that—

"All the residue of my real and personal property, after the payment of my debts, and the payment of the amounts herein bequeathed to my said heirs, I give and bequeath to my beloved wife Nancy, for her sole use and benefit, and for the rearing, nurture and education of my minor children, to wit, David Russell, Archibald, and Susan; and it is my wish,

desire and bequest, that at her death all that remains of my said real and personal property, and its rents, issues, and increase, shall fall to and be owned by my said heirs David Russell, Archibald, and Susan, to be divided between them, and if possible by them share and share alike."

The words used in the first part of this provision, taken by themselves, and without qualification or limitation, would certainly give to the widow an estate in fee simple; but we are not to determine the legal effect of the will from any detached portion thereof, nor from any single phrase which it may contain. All parts of it should be considered and construed together, and if possible it should be construed in such a way as to arrive at the intention of the testator. The leading consideration in determining its effect is, what disposition did the testator intend to make of his property; and this intention is to be learned from an examination of the entire context of the instrument. It has been said that "the construction of a will depends upon the intention of the testator, to be ascertained from a full view of everything contained within the four corners of the instrument." (1 Redfield on Wills, 434; *Hoxie* v. *Hoxie*, 7 Paige, 187.) The supreme court of Ohio has well expressed the rule applicable in this determination, where it is said:

"The question thus made, like all others arising upon the construction of a will, is one of intention on the part of the testator, and this intention is to be gathered not necessarily alone from the phraseology of a particular clause to be construed, but from the whole will, including codicils, if any, and all these viewed in the light cast upon them by the relations and circumstances of the testator of the estate, and of the objects of his bounty. Such intention, when ascertained, if not in contravention of law and public policy, is to govern, and in searching for such intention, courts ought not to permit themselves to be enslaved by mere technical rules of construction." (*Starling's Executors* v. *Price*, 16 Ohio St. 31.)

It will be observed that to the words which the plaintiffs claim gave the property absolutely to the widow, limitations are added. Coupled directly with those words and included in the same expression, there is restrictive language by which

the testator manifestly intended that the estate should be used not alone for the benefit of the widow, but for the benefit of the minor children as well. He says, " I give and bequeath to my beloved wife Nancy, for her sole use and benefit, *and for the rearing, nurture and education of my minor children,*" naming them. Immediately following this clause, and included in the same item and sentence, he adds another limitation, where he says:

"And it is my wish, desire and *bequest*, that at her death all that remains of my said real and personal property, and its rents, issues, and increase, shall fall to and be owned by my said heirs David Russell, Archibald, and Susan, to be divided between them, and if possible by them share and share alke."

Under the rules stated, all the provisions of this sentence should be read together and construed in relation to each other, and when so read and construed, the in-ference, we think, is irresistible that only a life estate was intended to be given to the widow.

<div style="margin-left:2em">Only a life estate to widow.</div>

It is argued that the second clause of the limitation contains only precatory words which cannot operate to reduce the estate taken by the widow to less than the fee. In support of this claim, *Campbell v. Beaumont,* 94 N. Y. 464, is cited and relied on. In that case the testator gave his property abso-lutely to his wife, and added the following language:

" To be enjoyed by her for her sole use and benefit, and in case of her decease, the same, or such portion as may remain thereof, it is my will and desire shall be received and enjoyed by her son Charles."

And the court held that the widow took an absolute title, unaffected by the provision as to her son. This case is easily distinguished from the one before us. In that case, as the court stated, there were no words of qualification, and the language employed in the provision regarding the son were mere words of recommendation which could not operate to convey any estate to the son; while in the present case the words used with reference to the minor children are not alone advisory, but are sufficient to constitute a devise to them. In

the one case it is said to be the testator's "wish and desire," while in the other it is his "wish, desire, and *bequest*." Besides, in the New York case the court remarks that in the bequest to the wife there are no words of qualification; while William McKinney, in bequeathing the use and benefit of the property to his wife, in the same expression, added a limitation and charged the estate with the maintenance and education of the three minor children.

It is further claimed in behalf of the defendants, that the subsequent clause is a limitation over to the minor children which is repugnant to the estate already granted to the wife, and must therefore be held void; and many authorities are cited in support of the claim. The principle established by these authorities is applicable in a case where the property is actually devised in fee simple with an absolute power of disposal in the first taker. It cannot be applied in a case like the one before us, where, as we think, the testator has so qualified and restricted the bequest as to convey a life estate only. It may be remarked here that no words of inheritance or perpetuity are found in the bequest to the wife. Although such words are not essentially necessary to convey an estate in fee, yet their absence, when considered in connection with the qualified bequest to the wife, is important. The other provisions of the will are, in our opinion, incompatible with an absolute power of disposal in the wife.

The earlier provisions of the instrument shed some light with regard to the intention of the testator, and tend to strengthen the view which we have taken. Mention is made of every member of his family, showing that none of the plaintiffs were overlooked, and all of them, as the will shows, received a portion of his bounty. In the first item he states that —

"Having provided and given equally, as I intended and believed, to the male children born unto me, to wit, Wilday McKinney and Nicholas McKinney, now of age, such portion of my estate as I deemed just and proper, and to the female children born unto me, in the same manner equally provided and given to them, to wit, Polly Jane Reid, Julia A. Moore,

Marion Breeze, and Sally Ann Hindman, I give and bequeath to each of my said children the sum of one dollar additional, and to the heirs of Sally Ann Hindman, to wit, Freddy Hindman and Nora Hindman, the sum of fifty dollars each."

By this language it is manifest that the testator had already provided for all of his children other than the minors. He had given them such portion of his estate as in his judgment was just and proper. It appears, too, that no discrimination was made with respect to the elder children, as he gave equally of his estate to them. Now provision must be made for the remaining children, who had not yet received any portion of his estate, and evidently he intended to treat them with equal fairness and justice. He first provided that the residue of the estate, after the payment of the debts and certain specific gifts, shall be used for the support of the wife during her declining years, and the maintenance and education of the three children during their minority; and next provided that out of the remainder of the estate the younger children shall receive their portion of his bounty, as the elder ones had already done.

Reading all parts of the will together, and giving effect to all its provisions as we should, where it can be done, and guided by the light derived from the relations and circumstances of the testator of the estate and the objects of his bounty, we conclude that only a life estate was given to the wife. The interpretation which we have adopted is warranted by the rules of law, and is, in our judgment, according to the true intention of the testator. As having some application to the case, we cite *Smith v. Bell*, 6 Pet. 68; *Terry v. Wiggins*, 47 N. Y. 512; *Smith v. Meiser*, 51 Ind. 419; *Trustees, etc., v. Kellogg*, 16 N. Y. 83.

The judgment of the district court will be affirmed.

All the Justices concurring.