JOSEPHINE L. HOLT, *Appellee,* v. MARTHA M. WILSON, *Appellant.*

No. 16,464.

SYLLABUS BY THE COURT.

1. WILLS—*Construction.* Where one part of a will clearly indicates a disposition in the testator to create an estate in fee it will not be restricted or cut down to any less estate by subsequent vague or doubtful expressions.

2. ——— *Same.* A will contained a provision in these words: "the residue of my estate I hereby give and bequeath to my husband, S. E. G. Holt, during the term of his natural life, and at his decease the residue that may be left after his death, I hereby give and bequeath to my adopted son, William N.

Holt v. Wilson.

Holt, if he be living at the time, but if he dies before that time and leaves a child or children living, then the said residue of my estate is bequeathed to said child or children." *Held,* that this clear devise of the absolute fee of the estate to the adopted son was not cut down to a mere life estate with a vested remainder by the following subsequent language: "but if the said William N. Holt shall die without issue either before or after the first legatee's estate expires, then and in that case, I direct that the whole of said estate be and the same is bequeathed and given to Martha M. Wilson or her heirs."

3. ———— *Construction—Punctuation.* A rule of construction as applied to wills is that punctuation is not to be regarded if any change therein will render the meaning of the instrument more obvious.

Appeal from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed April 9, 1910. Affirmed.

*E. N. Evans,* for the appellant.

*L. B. Kellogg,* and *C. M. Kellogg,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought this action to quiet title to certain lands in Lyon county, and the sole question involved is the construction of the last will of Eliza Holt, who died on the 15th day of September, 1891. It is only necessary to quote the second paragraph of the will, which reads as follows:

"Second. I direct that all my just debts and funeral expenses be paid as soon as convenient after my decease, and the residue of my estate I hereby give and bequeath to my husband, S. E. G. Holt, during the term of his natural life, and at his decease the residue that may be left after his death, I hereby give and bequeath to my adopted son, William N. Holt, if he be living at the time, but if he dies before that time and leaves a child or children living, then the said residue of my estate is bequeathed to said child or children, but if the said William N. Holt shall die without issue either before or after the first legatee's estate expires, then and

in that case, I direct that the whole of said estate be and the same is bequeathed and given to Martha M. Wilson or her heirs. (The intention of this will is to bequeath to William N. Holt, after the first legatee's tenure expires, the whole of my estate, and to his children after his death, but if he should die childless, then the same to go to the said Martha M. 'Wilson or her heirs.)"

S. E. G. Holt, the husband of Eliza Holt, died on the 22d day of June, 1902, and at the time of his death W. N. Holt, the adopted son named in the will, was living, was married and had one child, a son sixteen years of age. The only question to be determined is, What estate did W. N. Holt take under the will? The trial court held that a fee simple estate of inheritance passed to him by the terms of the will.

The defendant claims, first, that under the will W. N. Holt, upon the death of S. E. G. Holt, took a life estate only, with remainder to his child or children who survived him, and in default of child or children surviving him to the defendant, Martha M. Wilson, or her heirs; second, that if for any reason the foregoing construction be found untenable, then whatever fee W. N. Holt took the same was conditional, restricted and limited, without power of appointment, and not a fee simple estate of inheritance, but subject to limitation over by executory devise in the alternative—that is, to his child or children if any survived him, otherwise to Martha M. Wilson.

In the construction of wills the rule of paramount importance is that the intention of the testator must be gathered from all parts of the will, considered and construed together (*Ernst v. Foster*, 58 Kan. 438, 443), and when ascertained that intention must govern if not in contravention of law or public policy. (*Williams v. McKinney*, 34 Kan. 514.) Aside from this general principle, it is difficult to lay down any hard and fast rule which shall govern in all cases, because it is evi-

Holt v. Wilson.

dent that each will must be construed by its own language. There are, however, certain well-established principles which must control in determining the question here. One is that where property is devised in fee simple with absolute power of disposal to the first taker, the remainder over is void as a remainder because repugnant to the existence of the preceding fee, and equally void by way of executory devise because the limitation is inconsistent with the express disposition. (4 Kent's Com., 14th ed., p. *270; *McNutt v. McComb,* 61 Kan. 25; *Jones v. Bacon,* 68 Maine, 34; *Campbell v. Beaumont,* 91 N. Y. 464, 468; *Banzer v. Banzer,* 156 N. Y. 429; 30 A. & E. Encycl. of L. 742.)

In *Jones v. Bacon,* supra, it was said that if property has been devised absolutely, with no restrictions on the gift, the courts will be slow in giving such a construction to subsequent words as will defeat the absolute estate just devised. The rule is also well established that the absolute power of disposition need not be expressly given, if it be necessarily implied by the terms of the will. (4 Kent's Com., 14th ed., p. *270.)

The present case differs but slightly from that of *McNutt v. McComb,* supra. There the will contained two items. The first was held to create an uncontrolled power of disposition and to vest an estate in fee simple; the second, which contained a direction inconsistent with the absolute interest vested, was held to be void. In this case the two clauses or provisions are not so clearly separated, and for that reason the intention of the testatrix is not so easily gathered from the language of the will as in the case of *McNutt v. McComb;* but we think the intention of the testatrix was to vest an estate in fee simple in W. N. Holt if he was living at the time of her husband's death. He was living at that time, and took an estate of inheritance in fee simple and not a life estate.

The word "heirs" being unnecessary under our statute (Gen. Stat. 1868, ch. 22, § 2; Gen. Stat. 1909,

§ 1651) to create a fee, other words, such as "all my property," "the rest" or "the residue of my estate," will carry an estate of inheritance if not limited by other portions of the will. (30 A. & E. Encycl. of L. 745.)

It will be observed that there are no qualifying words following the devise to W. N. Holt which can be said to limit his right to dispose of the property absolutely. In this respect the will differs from that in *Williams v. McKinney,* 34 Kan. 514, upon which the defendant relies. There the bequest to the wife was "for her sole use and benefit, and for the rearing, nurture and education of my minor children." (Page 517.) An examination of the will in the present case discloses that the testatrix, after bequeathing to her husband a life estate, bequeathed to her adopted son, W. N. Holt, the residue of her estate if he should be living at the time of her husband's death, and provided that in case he died childless without the estate having vested in him the same was to go to Martha M. Wilson or her heirs. The language of the will following the devise of the life estate to her husband reads: "and at his decease the residue that may be left after his death, I hereby give and bequeath to my adopted son, William N. Holt, if he be living at the time, but if he dies before that time and leaves a child or children living, then the said residue of my estate is bequeathed to said child or children,". If the sentence ended with a period at the word "children" no one would question the application of the rule declared in the case of *McNutt v. McComb,* 61 Kan. 25. But no importance can be attached to the fact that the clause devising the estate to him is separated from what follows by a comma instead of a period. The rule of construction as applied to wills is that the punctuation is not to be regarded if any change in the same will render the meaning of the instrument more obvious. (*Johnson v. First Nat. Bank,* 192 Ill.

Holt v. Wilson.

541; 1 Redfield, Law of Wills, p. *433; *Reynolds v. Reynolds,* 65 S. C. 390; 30 A. & E. Encycl. of L. 672.)

There is another rule which applies to this case, which is that "where property is given in clear language *sufficient to convey an absolute fee,* the interest thus given shall not be taken away, cut down or diminished by any subsequent vague and general expressions." (2 Underhill, Law of Wills, § 689.) To the same effect·are: *McNutt v. McComb,* supra; *Safe Deposit Co. v. Stich,* 61 Kan. 474; *Lohmuller v. Mosher,* 74 Kan. 751. Mr. Redfield in the following language states the rule as a qualification of the general rule that the intention of the testator must prevail: "A clearly expressed intention, in one portion of the will, is not to yield to a doubtful construction in any other portion of the instrument." (1 Redfield, Law of Wills, p. *433.)

A rule slightly more rigid has been adopted by some of the courts. It is thus stated in *Byrnes et al. v. Stillwell et al.,* 103 N. Y. 453: "An estate in fee created by a will can not be cut down or limited by a subsequent claim, unless it is as clear and decisive as the language of the clause which devises the estate" (p. 460), citing *Thornhill v. Hall,* 2 Clark & Fin. (Eng.) 22; *Campbell v. Beaumont,* 91 N. Y. 467; *Freeman v. Coit,* 96 N. Y. 63, 68. The same rule is declared in *Goodwin v. Coddington,* 154 N. Y. 283, 286. Perhaps the rule as stated by Mr. Redfield, supra, is the better one. It is the one adopted by the court in *Banzer v. Banzer,* 156 N. Y. 429, and in *Clarke v. Leupp,* 88 N. Y. 228, where it was said:

"It is well settled by a long succession of well-considered cases that when the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be restricted or cut down to any less estate by subsequent

18—82 KAN.

or ambiguous words, inferential in their intent." (Page 231.)

The same principle was applied in *Washbon et al. v. Cope et al.*, 144 N. Y. 287, and in *Benson et al. v. Corbin et al.*, 145 N. Y. 351.

The particular clause of the will under which the defendant claims reads as follows: "but if the said William N. Holt shall die without issue either before or after the first legatee's estate expires, then and in that case, I direct that the whole of said estate be and the same is bequeathed and given to Martha M. Wilson or her heirs." The direction that in case W. N. Holt died without issue before the death of S. E. G. Holt the estate should pass to Martha M. Wilson or her heirs is in no respect inconsistent with the preceding clause. The repugnancy arises over the use of the words "or after," because, under the preceding clause, upon the death of S. E. G. Holt the fee title passed to W. N. Holt; and that portion of the latter clause which directs that the estate shall pass to Martha M. Wilson or her heirs in case of his death after the estate had already vested in him is, of course, inconsistent with the absolute interest which he took under the first clause, and is therefore void. (*Jackson v. Bull*, 10 Johns. [N. Y.] 18; *Ide v. Ide & al.*, 5 Mass. *500; *Bowen v. Dean*, 110 Mass. 438; *McNutt v. McComb*, 61 Kan. 25, and cases cited in the opinion.)

As the judgment must be affirmed for the reasons stated, it is not deemed necessary to consider the contention that the clause under which Martha M. Wilson claims is in violation of the law in respect to perpetuities.

The judgment is affirmed.