No. 18,660.

W. H. THORNBERRY, *Appellee*, v. SUSANNA FLETCHER, as Executrix, etc., et al. (SUSANNA FLETCHER, *Appellant*).

SYLLABUS BY THE COURT.

WILL—*Construction—Devises Estate to Testator's Wife Absolutely.* The will set forth in the cross-petition in this case, there being no evidence impeaching its validity or the devising capacity of the testator, devises all his property, real and personal, to Susanna, wife of the testator, without residue or remainder.

Appeal from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed March 7, 1914. Reversed.

*John Stowell*, of Seneca, for the appellant,

*John T. Campbell*, of Seneca, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought to foreclose a real-estate mortgage to which there is no defense attempted, and there is no conflict in the evidence. For the purpose of having it adjudicated that upon the death of her husband the appellant, Susanna Fletcher, became vested with full legal title to the mortgaged premises by the terms of the will, she filed an answer and cross-petition wherein she alleged full title in herself to the mortgaged property, and attached thereto a copy of the will of her deceased husband, who at the time of his death was the owner thereof, and also a copy of the accompanying contract. The will and contract read as follow:

"I Michael Fletcher of Wetmore, being· of sound mind, recognizing the uncertainty of human life, do make publish and declare this my last will and testament, in manner following to wit: subject to the payment of my just debts, the expenses of my last illness

Thornberry v. Fletcher.

and my funeral expenses. I give and devise all my property both real and personal to my beloved wife, Susanna, imposing upon her the obligation to use such property as may to her seem best for her comfort and advantage and after my decease to provide by will or. otherwise for the transmission of the rest residue and remainder of my estate at her decease in equal shares to my daughter by my former wife Ann Streeter and my son Daniel Fletcher, and their issue for ever.

"In testimony whereof I have hereunto set my hand in the presence of my attesting witnesses this 28th day of December, 1899.        MICHAEL FLETCHER.

"Signed published and declared to be his last will and testament by the testator in our presence, who at his request in his presence and the presence of each other have hereunto signed our names as witnesses thereto.        MICHAEL WORTHY.
M. DE FOREST.

"And I Susanna Fletcher wife of Michael Fletcher in accepting the bequest and devise in fee of the entire estate of my said husband do hereby agree to pass the title of all property both real and personal that may remain at my decease in accordance with the expressed wish of my husband.

"Witness my hand this 28th day of December, 1899.
SUSANNA FLETCHER.

"Executed and declared to be her free act and deed in our presence who at her request have signed our names as witnesses hereto.        MICHAEL FLETCHER.
M. DE FOREST."

Susanna Fetcher and Ann Streeter were made parties defendant in the petition but Daniel Fletcher was not. Ann Streeter filed no answer to the petition or cross-petition, and Susanna Fletcher alleged that she derived title to the land by the will of her deceased husband.

The relief prayed for in Mrs. Fletcher's cross-petition is that Ann Streeter be required to plead what interest, if any, she has in the mortgaged property, or in any property which the testator owned at the time of his demise.

Defendant Ann Streeter was in default and no counsel appeared for her, but the court announced that in construing the will it would protect her interest, but no error is claimed in this; in fact, no assignment of error is formally made in appellant's abstract or brief.

As construed by the court, the will gave to appellant a life estate in the property of the testator and to Ann Streeter an undivided one-half interest in the remainder. The appellant contends that this is erroneous, and that by the will she was devised the title in fee to the entire estate. This seems to be in accordance with the reading of the will, "I give and devise all my property, both real and personal to my beloved wife, Susanna, imposing upon her the obligation . . . after my decease to provide by will or otherwise for the transmission," etc.

If the testator understood that by the will he was devising a remainder, he could not reasonably impose upon his wife the obligation of transmitting such remander by will or otherwise.

On the day that the will was executed another instrument was executed, attested by two witnesses, one of whom was Michael Fletcher, apparently the testator. The will and contract are together set forth in the abstract as "Exhibit A," and were probably executed at about the same time. The latter instrument purports to construe the will as "the bequest and devise in fee of the entire estate of my said husband" to Susanna Fletcher.

There is no suggestion that the testator was *in extremis* or was not in condition to fully understand the purport of both instruments, and the presumption is that he was competent to execute the will. If he made his will intelligently he probably understood the accompanying document. The ambiguity in the will, if any there be, arises principally from the use of the words "to use," "residue," and "remainder" therein. No words expressly conferring power to sell or convey

are used.  On the other hand, if the words "I give and devise all my property" are to be given their usual significance there can be no residue or remainder.

The supreme test in the construction of a will, however, is to determine the actual intent of the testator. His purpose, if ascertainable, is conclusive.  Reading the will and the contract together, as the testator presumably did, we are unable to say that the testator intended to devise any residue or remainder to his son or daughter, but rather that he devised his entire estate to appellant and relied upon her to transmit to his children equally, at her death or before that event, whatever might remain.  (See *Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *McNutt v. McComb,* 61 Kan. 25, 58 Pac. 945; *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87.)

In the latter case it was said:

"Where one part of a will clearly indicates a disposition in the testator to create an estate in fee it will not be restricted or cut down to any less estate by subsequent vague or doubtful expressions."   (Syl. ¶ 1.)

The daughter was made a party, but made no appearance or any claim of right in the trial court or here. Possibly with the advice of counsel she construed the will as did the appellant.  Her age is not given, but the will shows she was the testator's child by a former wife.  There is no presumption that she was not competent to protect her own interests.

The usual rule is, where a defendant enters no appearance and makes no defense after being summoned, that the allegations of the petition are taken as true and judgment rendered accordingly.  No evidence seems to have been produced.

The court seems to have considered the case as on demurrer to the cross-petition and rendered judgment against the cross-petitioner and in favor of the non-appearing defendant.  We think the will conveyed the

estate in fee to Mrs. Fletcher and that the cross-petition stated a cause of action in her favor.

The judgment is reversed and judgment is ordered in favor of the cross-petitioner on the pleadings.