No. 19,798.

ROBERT C. POSTLETHWAITE, as Administrator, etc., *Appellant,* v. FRANK P. EDSON and JESSIE L. MCCABE, *Appellees.*

### SYLLABUS BY THE COURT.

WILL—*Construction—Life Estate with Power of Disposal—Remainder to Children.* The principal clause in a will executed by a husband and wife was as follows:

"They and each of them do hereby devise and bequeath to the other surviving, all the estate . . . of which the one dying first shall be seized, or have an estate, claim or interest therein, and to be owned and disposed of by the survivor as he or she may desire, and that upon the death of the survivor, all the estate of the survivor not disposed of by such survivor, is hereby devised and bequeathed to their children . . . in equal parts."

*Held,* that such devise as to any of the property of which the survivor died seized vested in such survivor a life estate with the added power of disposal, remainder to the children.

Postlethwaite v. Edson.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed March 11, 1916. Reversed.

*Robert C. Postlethwaite,* of Jewell, *T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellant.

*Joseph G. Waters, John C. Waters,* and *Eugene S. Quinton,* all of Topeka, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff, as administrator, sued to subject certain land to the lien of a judgment recovered by the decedent in 1907. A demurrer to the answer was overruled and the plaintiff appeals.

One of the judgment debtors was Willis Edson, who, while occupying the property as a homestead, joined in making the following will:

"The undersigned, Willis Edson and Mary Edson, his wife, separately and conjointly, do hereby make and declare this instrument to be their last will and testament, hereby revoking any and all wills by them made, that is to say:

"First. They and each of them do hereby devise and bequeath to the other surviving, all the estate of every kind and character and wherever situate, personal, real and mixed of which the one dying first shall be seized, or have an estate, claim or interest therein, and to be owned and disposed of by the survivor as he or she may desire, and that upon the death of the survivor, all the estate of the survivor not disposed of by such survivor, is hereby devised and bequeathed to their children, Frank P. Edson and Jessie L. McCabe, in equal parts."

Mary Edson survived her husband, remaining in possession of the homestead during her life. She left the defendants as her sole heirs who claim no homestead rights.

The plaintiff takes the position that the will devised a life estate to Mary Edson with full power of disposition, remainder to the defendants, and if this be the proper construction it is conceded that the property is subject to be taken in this action.

On the other hand it is urged that the latter clause of the will is utterly void for two reasons, first, because repugnant to the vesting of a fee in the survivor, and second, because it merely follows the statute which would itself work a devolution of the title to the defendants upon the death of the mother. Of course, if they took a vested remainder by virtue of the will,

subject to ·a life estate in the surviving mother, the statutory casting of descent in case of the death of the mother, while· owning the fee, could not impair the will, hence the only point for determination is the construction of the instrument. It is pointed out that a will, after devising the fee, can not by a subsequent clause reduce such fee to a less estate.

"Thus, if a testator, after giving an estate in fee, proceeds to qualify the devise by a proviso or condition, which is of such a nature as to be incompatible with the absolute dominion and ownership, the condition is nugatory, and the estate absolute." (2 Jarman on Wills, p. 16.)

*McNutt v. McComb,* 61 Kan. 25, 58 Pac. 965, is relied on. There the first item gave to the wife all the testator's estate, real and personal and mixed. The second item directed that whatever might remain at the death of the wife should be divided between three children and a grandson. It was held that the second item was void because inconsistent with the absolute interest vested by the first, following the rule already referred to, of which Chancellor Kent said that in all such cases the remainder over is void as a remainder because of the preceding fee, and void by way of executory devise because inconsistent with the absolute estate or power of disposition expressly given. (4 Kent's Commentaries, p. 270.) *Williams v. McKinney,* 34 Kan. 514, 9 Pac. 265, was distinguished by the fact that the two provisions were in the same sentence and were not contained in separate items of the will, and also that the second item contained qualifying words. In *Safe Deposit Co. v. Stich,* 61 Kan. 474, 59 Pac. 1082, the question was whether the words "to have and to hold during her natural life" applied to the real or to the personal property. One of the rules employed was that when several independent devises are not grammatically connected or united for the expression of a common purpose they must be construed separately; another, that a devise in absolute terms of the fee will not be limited to a less estate by repugnant or inconsistent words of a succeeding clause unless it be the manifest intention gathered from the whole instrument that it should be done, following *McNutt v. McComb,* supra. In *Coleman v. Coleman,* 69 Kan. 39, 76 Pac. 439, the devise was to certain children with a subsequent provision that in case either should die without heirs or legal representatives the survivors should

take his portion of the estate equally. · This was held to be not repugnant, and it was said:

"There was no attempt in any of these items to devise a fee-simple estate in the property to the wife, as was done in *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965." (p. 44.)

In *Hurst v. Weaver,* 75 Kan. 758, 90 Pac. 297, it was said of *McNutt v. McComb:*

"That will purported first to convey to the devisee an absolute estate in land, with full power of conveyance. A subsequent paragraph purported to dispose of the remnant of the estate, if any remainder at the death of the devisee. The second paragraph was held to be in substance a remainder over, and to be void." (p. 763.)

*Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87, involved a bequest to a husband during his natural life, residue at his decease to an adopted son if then living, but if deceased before that time leaving child or children living, then to such child or children. It was held that the fee to the adopted son was not cut down to a mere life estate with a vested remainder by a subsequent provision that in case the adopted son should die without issue either before or after the husband's estate expired, the whole should go to another. The rule in *McNutt v. McComb* was substantially followed. In *Overly v. Angel,* 84 Kan. 259, 113 Pac. 1041, it was said in the opinion:

"The ordinary rule is that, where an estate is absolutely devised, any repugnant conditions in the will must yield. (*McNutt v. McComb,* 61 Kan. 25.)" (p. 263.)

*Thornberry v. Fletcher,* 91 Kan. 744, 139 Pac. 391, involved a will giving and devising all the property, real and personal, to the wife, and after the testator's decease the devisee to provide by will or otherwise for the transmission of the residue and remainder of the testator's estate at the devisee's death in equal shares to certain named persons. The wife accepted the bequest and agreed to pass the title as indicated. It was held that, reading the will and the contract together, the wife took the entire estate, approving the rule (p. 747) that "Where one part of a will clearly indicates a disposition in the testator to create an estate in fee it will not be restricted or cut down to any less estate by subsequent vague or doubtful expressions" announced in *Holt v. Wilson,* 82 Kan. 268, syl. ¶ 1, 108 Pac. 87.) In *Hawkins v. Hansen,* 92 Kan. 73, 139 Pac.

1022, it was said that each will must be construed by its own terms, and that *McNutt v. McComb* and *Safe Deposit Co. v. Stich* involved wills in which there were independent devises, and the problem was to find whether the testator intended to devise a fee absolute by the first clause or whether there was an apparent intent to connect the first with the subsequent clause limiting the first. In *Bullock v. Wiltberger,* 92 Kan. 900, 142 Pac. 950, the third paragraph of the will devised the estate, after the death of the wife, to the testator's four children. The fourth provided where the property should go in case of the death of any of such children before the death of the wife. It was urged that the third item devised the estate in fee with full power of disposition, and that the fourth was therefore repugnant and void, *McNutt v. McComb* and *Holt v. Wilson* being relied upon. These and various other decisions from this and other states were considered, and it was concluded that the fourth item was not repugnant to the third, and that it amounted to a devise of the remainder to the four children, contingent upon their surviving the testator's wife.

The plaintiff, in support of the theory that the mother took a life estate with added power to dispose of the fee and that the children took a vested remainder, cites *Allen v. Allen,* 28 Kan. 18; *Williams v. McKinney,* 34 Kan. 514, 9 Pac. 265; *Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527, and *Greenwalt v. Keller,* 75 Kan. 578, 90 Pac. 233. *Allen v. Allen* is to the effect that a will like the one in question amounts to the several will of the husband. *Williams v. McKinney* involved a will giving the property to the wife for her sole use and benefit for the nurture and education of the minor children, all that remained at her death to be owned by such children, share and share alike. The question was whether the widow took a fee or a life estate. It was said that while the words in the first part of the provision taken alone would give the widow an estate in fee, that limitations were added coupled directly therewith, all being in one sentence, and that all should be construed together, and that so construing it the intention was manifest to devise to the widow a life estate only. In *Ernst v. Foster* one provision of the will gave the property to the wife to have and to use and to dispose of during her natural life and after her death to be divided equally among the testator's three youngest heirs, naming

Postlethwaite v. Edson.

them. This was held to give a life estate to the widow with the added power of disposition, and that the property undisposed of by the widow would at her death descend to the three heirs. It was said:

"We agree with the contention of the heirs, that the power of disposal given in the will did not enlarge to a fee the estate taken by the widow. There was devised to her a life estate, and added to that was the separate and distinct gift of the disposal of the fee. This gave her authority to convey the fee, and the part undisposed of would descend to the children in accordance with the will." (58 Kan. 444.)

The will in *Greenwalt v. Keller* contained a clause giving to the wife all the testator's property, " 'to have for her own use and benefit while she may live. And at her death all property that may be left by her,' " (p. 578) undisposed of to others. It was held that the widow took a life estate with power of disposal in fee, following *Williams v. McKinney* and *Ernst v. Foster*. It was said in the opinion (p. 580) that the only property which the testator intended his heirs to receive was whatever might be left by the mother at her death. "This clearly indicates that he intended her to use and permanently dispose of a part of the estate so that it would not be in existence at the time of her death for the benefit of the heirs. We think this amounts to a life estate with power to convey in fee." (p. 580.)

All these decisions go upon the principle that the pole star of construction is the testator's intention. Their doctrine is that when a clause in a will manifests a clear intention of the testator to devise a fee this shall not be destroyed by a subsequent disconnected item attempting to reduce such fee to a less estate unless the entire will indicates that such was the real and fixed intention of the testator. When he provides in one sentence or in one clause that a certain estate shall go to his wife, to be owned and disposed of by her as she may desire, and that upon her death all that she has not disposed of shall go to the children, it is not difficult to discern a purpose that the widow take a life estate with the added power of disposal and that the children take a remainder in the portion not disposed of after death. As said in *Lohmuller v. Mosher,* 74 Kan. 751, 87 Pac. 1140, the later words of this clause are, "unequivocal, of equal authority with those going before, and so in-

29—98 KAN.

separably conjoined with those which precede that the expression of the testator's comprehensive thought is not complete until the end of the sentence is reached." (p. 754.)

The language now under consideration is:

"Devise . . . all the estate . . . to be owned and disposed of by the survivor as he or she may desire, and that upon the death of the survivor, all the estate of the survivor not disposed of by such survivor, is hereby devised and bequeathed to their children."

At first blush it would seem that an estate to be owned and disposed of as the devisee may desire must of necessity be a fee, and doubtless were no other words added such would be the conclusion in this instance. As said in *Wiley et al. v. Gregory et al.*, 135 Ind. 647, 35 N. E. 507:

"If an estate be given to a person *generally* or *indefinitely*, with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the express limitation for life will control the operation of the power and prevent it from enlarging the estate to a fee." (p. 652.)

To the same effect is *Wooster v. Cooper,* 53 N. J. Eq. 682, 33 Atl. 1050. (See, also, *Benz v. Fabian,* 54 N. J. Eq. 615, 35 Atl. 760.) ' But in *Little v. Giles,* 25 Neb. 313, 41 N. W. 186, it was held that a devise with the power of unqaulified disposition, upon condition that if she should marry again whatever of estate remained should go to the surviving children, share and share alike, " 'Of all the estate herein bequeathed, or whatever may remain' at the marriage of the first taker," (Syl. ¶ 4) enabled the devisee before marriage to convey the fee; also that the quoted clause was restricted to such part of the estate as remained undisposed of at the time of the marriage. In the opinion, Maxwell, J., said:

"In the case at bar, if the widow married again, then whatever remained of his estate should descend to his children, clearly implying that nothing but the estate undisposed of should thus descend." (p. 327.)

In *McCullough's Administrator v. Anderson and others,* 11 Ky. Law Rep. 939, 7 L. R. A. 836, it was held that a life estate in one, with remainder to another, may be created by will with power to the life tenant to defeat the remainder by disposal of the property; also that a life estate to the widow with authority to dispose of it as she pleased, but providing that

whatever remained undisposed of at her death by will or otherwise should go to certain other persons, did not give her the absolute ownership. Similar decisions are cited in the footnote. In *Roberts v. Roberts,* 102 Md. 131, 62 Atl. 161, 1 L. R. A., n. s., 782, it was held that the remainder created by a clause in a will which, after giving the estate to the wife for life with power of disposition, disposes of the estate remaining at her death, is not necessarily contingent. See, also, *Steiff v. Seibert,* 128 Iowa, 746, 105 N. W. 328, 6 L. R. A., n. s., 1186, citing many decisions in support of the rule that a life estate with the power of disposal does not constitute a fee. As to the power of disposal without a residuary clause see *Re Weien,* 139 Iowa, 657, 116 N. W. 791, 18 L. R. A., n. s., 463. As to power of disposal added to life estate see *Chewning v. Mason,* 158 N. Car. 578, 74 S. E. 357, 39 L. R. A., n. s., 805, and Note. (See, also, *Warren v. Ingram,* 96 Miss. 438, 51 South. 888, Ann. Cas. 1912 B, 422, Note, 424.)

Reverting again to the will under consideration, some significance must be given to the provision that upon the death of the survivor all the estate not disposed of "is hereby devised and bequeathed to their children." Had the intention been to give a fee to the survivor it would be contrary to such intention to attempt to devise any of the same estate to the children. It is fairly clear that the intention was that the survivor should have complete dominion over the estate during her life, including the full power of disposition, but that as she would be likely to retain the estate or a portion thereof such portion was to vest personally in the children to take effect at her death, that is, the present estate in such portion was to vest in her for life with the power of disposition, remainder to the children. Other constructions supported by reason and authority could be adopted, but this seems to be most in accord with the decisions and with the manifest intention of the testator, and it is in harmony with *Morse v. Henlon,* 97 Kan. 399, 155 Pac. 800.

The judgment is reversed and the cause remanded for further proceedings.