### WELLS v. BROWN et al.*

(Circuit Court of Appeals, Eighth Circuit. January 27, 1919.)

#### No. 5184.

1. COURTS ⬡359, 365—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION —CONSTRUCTION OF WILLS.

In the absence of any question of violation of the federal Constitution or a federal statute, or of commercial law, a will must be interpreted by a federal court in accordance with the law of the state where made, as it existed at the time of testator's death, as evidenced by statute or rules of interpretation of the highest court of the state.

2. WILLS ⬡601(2)—CONSTRUCTION—DEVISE OF REAL ESTATE.

Under Gen. St. Kan. 1909, § 9831, providing that every devise shall be construed to convey all the estate of the testator, unless it clearly appears that testator intended to convey a less estate, where a paragraph of a will conveys all the title to real estate which testator could devise, and gives the devisee absolute power of disposition, a request, contained in a subsequent paragraph, that devisee devise to specified persons what might remain of the property at devisee's death, is ineffective.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by Robert Wesley Wells against Madeleine S. Brown, Robert Ryan Brown, a minor, represented by George T. McDermott, guardian ad litem, and Joseph L. Brown. Decree for defendants, and complainant appeals. Affirmed.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied March 29, 1919.

D. W. Eaton, of Kansas City, Mo. (W. E. Ziegler, of Coffeyville, Kan., and Hyden J. Eaton, of Kansas City, Mo., on the brief), for appellant.

Robert Stone, of Topeka, Kan. (Charles D. Welch, of Coffeyville, Kan., and George T. McDermott and H. O. Caster, both of Topeka, Kan., on the brief), for appellees.

Before SANBORN, Circuit Judge, and TRIEBER, District judge.

SANBORN, Circuit Judge. This case properly presents to this court, by an appeal from a decree of dismissal of the complaint of Robert Wesley Wells, the question whether the second and third paragraphs of the will of Laura A. Wells vested on her death an absolute estate in fee in the real estate subject thereto in Eliza J. Wann, with unlimited power of disposition, or a life estate with power of disposition during her life only, with remainder over in that portion of the property which she did not dispose of during her life, to Madeleine S. Wells and Robert L. Wells. The second and third paragraphs of the will, so far as they are material to this issue, read in this way:

"2. I give, devise and bequeath to my mother, Eliza Jane Wann, all my property, real, personal and mixed, of whatever nature and kind whatsoever and wheresoever the same shall be situated at the time of my death, to have and to hold, as her own and exclusive property in case she survives me.

"3. Reposing full faith and confidence in the judgment and discretion of my mother, Eliza Jane Wann, it is my wish and I request that she devise and bequeath whatever remains at the time of her death of the property which she shall have received from me by the provisions of this will as follows:

"That she devise and bequeath one-half of said property to my adopted daughter, Madeleine S. Wells, and one-half to my nephew-in-law, Robert Wesley Wells, or if either be dead, to their surviving issue."

[1] The property devised was situated in the state of Kansas and the testatrix died there on the 5th day of February, 1913. Established rules for the construction by the federal courts of wills of real estate are: (1) That, in the absence of any question of a violation of the federal Constitution or of a federal statute, and in the absence of any question of commercial law, wills must be interpreted in accordance with the law of the state in which they were made, as it is evidenced by its statutes and the rules of interpretation of those statutes and of wills which have been adopted by the highest judicial tribunal of the state (Lucas v. McNeill, 231 Fed. 672, 145 C. C. A. 558); and (2) that a will must be construed according to the law thus evidenced as that law was at the time of the death of the testatrix, in this case on February 5, 1913, and not as it was at any other time prior or subsequent thereto, when the established law differed from that at the time of the death (De Peyster v. Clendining, 8 Paige [N. Y.] 295, 304; Dodge v. Williams, 46 Wis. 70, 106, 1 N. W. 92, 50 N. W. 1103; In re Kopmeier, 113 Wis. 233, 89 N. W. 134, 138; Wilson v. Greer, 50 Okl. 387, 151 Pac. 629, 632; Barber et al. v. Brown, 55 Okl. 34, 154 Pac. 1156).

[2] At the time of the death of the testatrix the statutes of Kansas provided that:

"Every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate." Gen. Stat. Kan. 1909, § 9831.

Many opinions of the Supreme Court of Kansas interpreting wills had been rendered before February 5, 1913, when the testatrix died, and many have been rendered since. Those opinions have been exhaustively reviewed and discussed by counsel in their briefs, and they have received the careful perusal and consideration of the court. They have convinced that, whatever changes or modifications have been wrought since by the decisions or opinions in Bullock v. Wiltberger, 92 Kan. 900, 142 Pac. 950, Morse v. Henlon, 97 Kan. 399, 155 Pac. 800, Postlethwaite v. Edson, 98 Kan. 444, 155 Pac. 802, and Bryant v. Flanner, 99 Kan. 472, 162 Pac. 280, the law of Kansas on February 5, 1913, evidenced by the statute cited and by the opinions of its Supreme Court, rendered prior to that date, was that when a will containing two paragraphs, the first of which, standing alone, was sufficient to convey all the title to the real estate in question which the testator could lawfully devise, and was also sufficient to give the testator the power of disposition thereof, and the second paragraph disclosed an endeavor to diminish that estate, the devise contained in the first paragraph was valid, and that in the second was void, because (1) the first devise could not be lawfully diminished by a subsequent grant or devise to another than the first devisee; and (2) where the first devisee is given an absolute power of disposition, a grant of a remainder over in a subsequent paragraph is ineffective. McNutt v. McComb, 61 Kan. 25, 58 Pac. 965; Holt v. Wilson, 82 Kan. 268, 269, 272, 273, 108 Pac. 87; Thornberry v. Fletcher, 91 Kan. 744, 745, 747, 139 Pac. 391.

The court below tested this will by this law, and reached the conclusion that in view thereof, and of the express provision of the Kansas statutes, that every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate, it could not hold that it clearly appeared from this will that the testatrix intended by its first paragraph to convey less than all the estate she could lawfully devise. No logical or rational way of escape from this conclusion has been found. The devise in the second paragraph of the will, standing alone, was ample to convey all the estate the testatrix could lawfully devise, and it gave the devisee the absolute power of disposition. Therefore, under the law of Kansas as it stood on February 5, 1913, that estate could not be diminished, nor could a remainder over be granted by the subsequent third paragraph of the will, and the decree below is Affirmed.