No. 32,068

May Segrist et al., *Appellees*, v. Mora E. Gideon et al., *Appellants*.

(41 P. 2d 729)

Opinion filed March 9, 1935.

*A. Harry Crane*, of Topeka, *M. A. Bender* and *Minnie M. Banks*, both of Holton, for the appellants.

*Floyd W. Hobbs*, of Holton, *E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan*, all of Topeka, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one to partition real estate devised by will, and for other relief, commenced while the testator's estate was in process of administration in probate court. A motion to dismiss was denied. Those adversely affected by the order appeal.

Thomas H. Gideon, of Jackson county, died testate, and the will was duly probated. The will nominated the testator's widow, Helen M. Gideon, and a son, Mora E. Gideon, as executors. Helen M. Gideon declined to act and, pursuant to a provision of the will, the son qualified as sole executor. Debts of the estate have been paid, but the estate has not been closed in probate court.

The first item of the will was formal.

The second item gave the testator's widow bonds, insurance policies and the homestead, for life, with power of disposal, remainder to become part of the residuary estate. It appears Helen M. Gideon is still living.

The third item gave to Mora E. Gideon described land, outright, and other land, title to which should not vest until he paid to the executor the sum of $3,000. It appears this sum has been paid, and the devise has become absolute.

The fourth item gave to the testator's son, Oscar D. Gideon, described land, title to vest on payment to the executor of $6,000. It appears this sum has been paid, and the devise has become absolute.

The fifth item gave to the testator's son, Lloyd H. Gideon, described land unconditionally. If he should die without children, before death of the testator, the land to become part of the residuary estate.

The sixth and seventh items of the will read as follows:

"Item VI. All the rest and residue of my estate, be the same real, personal or mixed property, and wheresoever the same may be located, including such sum or sums, or real property, as may be left from the bequests and devises herein made to my said wife, and also the sums required to be paid by my said sons, Mora E. Gideon and Oscar D. Gideon, I give, devise and bequeath to my children and grandchildren living at the time of my decease, share and share alike, . . . "

"Item VII. I do hereby nominate and appoint my beloved wife, Helen M. Gideon, and my son, Mora E. Gideon, executors of this, my last will and testament, and in the event that either of said parties are, for any reason, disqualified from acting as such executor, or declines so to do, then the other shall be vested with all of the authority and power herein vested in both of said parties, and my said executors are hereby authorized and empowered to sell and make conveyance of any and all real estate of which I may die seized which does not become disposed of by the terms of this, my last will and testament, in full compliance with my wishes herein expressed, and that they act as such executors without compensation."

Real estate not specifically devised consisted of four noncontiguous tracts in Pottawatomie county, containing, respectively, 22, 35, 80 and 160 acres, a lot in Holton, Jackson county, and 400 acres of land in Greenwood county. Some of the grandchildren of the testator commenced an action to partition some of the residuary land. The answer disclosed that the executor had sold the land, and the sales had been approved by the probate court. In making the sales, the executor acted pursuant to what he regarded as power conferred by the seventh item of the will. The fact of sale was ignored in the petition, and the reply was a general denial. A motion to dismiss, which had been made and denied, was renewed, and was denied.

This appeal followed. The principal question presented is proper interpretation of the will.

Plaintiff contends that on death of the testator, title to all residuary land vested in the residuary devisees, pursuant to the residuary clause of the will, and the executor had no power to sell any part of the residual land. The argument in support of the contention is based on the decision in the case of *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87. The syllabus reads:

"Where one part of a will clearly indicates a disposition in the testator to create an estate in fee it will not be restricted or cut down to any less estate by subsequent vague or doubtful expressions." (Syl. ¶ 1.)

The decision in *Holt v. Wilson* leaned toward the old mechanical rule for interpreting wills, and has required explanation several times. It is now settled law in this state that the testator's intention is to be ascertained by consideration of the whole will, regardless of arrangement of clauses, and every part of the will must be given effect if that may be done.

In this instance, the will made specific bequests and devises, and then disposed of the residue. The ultimate composition of the residue was not and could not be known. However composed, it included everything the testator left, not specifically disposed of, even including after-acquired property. After doing this, and in connection with designation of executor, the testator gave the executor power to sell and convey all land of which the testator died seized that did not become disposed of by the terms of the will. The interpretation proposed by plaintiffs nullifies this provision. Everything belonging to the testator having been disposed of, either specifically or by the residuary clause, nothing is left which could be subjected to power to sell.

The separate item relating to executors and their power was inserted in the will at the proper place for dealing with those subjects. The item appears to have been inserted with as much deliberation and purpose as any other provision of the will, and must be given effect. Should Mora and Oscar fail to comply with the conditions precedent to taking title, their devises would simply fall into the residuary estate. If it had been intended the power should operate only on those tracts, the power would have been so limited, but it was not anticipated they would lose their devises. It was perfectly manifest that much, if not all, of the residual land could

not be partitioned in kind among the twenty-one residuary devisees, and would have to be sold at some kind of a sale, and the court is of the opinion the will meant the executor might sell all land not disposed of by specific devises.

Incidental to partition, plaintiffs asked for an accounting with Mora, Lloyd and Oscar. The charge was they owed the estate and the executor had failed to inventory the debts as assets, and had failed to collect them. The prayer of the petition was that the sums found due should be charged as liens on the real estate devised to the debtors.

The first duty of an executor or administrator is to return to the probate court a true inventory of all goods, chattels, moneys, rights and credits belonging to the deceased to be administered. If he does not do this, it is the business of the probate court to see that it is done, as a primary feature of administration of an estate, and a district court has no authority to interfere.

But plaintiffs say they asked for equitable relief. Equitable relief by way of creation of lien to secure indebtedness to be ascertained by an accounting could not be granted unless the court had authority over the subject of accounting, and the prayer did not enlarge that authority.

The judgment of the district court is reversed, and the cause is remanded with direction to dismiss the action.