## In re Will of Kopmeier.

*January 8—February 18, 1902.*

*Wills: Construction: Trusts and trustees: Suspension of power of alienation: When will takes effect.*

1. A will devised testator's residuary estate, after the death of his wife, to his children, "to have and to hold the same to them, and their heirs and assigns forever; but none of the real estate . . . shall be in any manner conveyed or sold until twenty-one years from the date of this instrument; and I wish and hereby direct my executors . . . that all the net income, rents and profits of said real estate be divided between my said children equally, share and share alike, at the end of every year during such time." The will named testator's wife as executrix during her life, and on her death nominated others to succeed her. *Held*, that the remainder in fee devised to the children was postponed until twenty-one years from the date of the will, and following the death of the widow, that the real estate was vested in the executors named, as trustees.

2. Under sec. 2039, Stats. 1898, prohibiting the suspension of the power of alienation for a longer period than during the continuance of two lives in being at the creation of the estate and twenty-one years thereafter, a provision of a will devising real

estate in trust, and providing that it shall not be conveyed for twenty-one years, is not an unlawful suspension of alienation.

3. A will is ambulatory during the life of the maker and is governed by the law existing at the time of the testator's death.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

On April 7, 1887, John T. Kopmeier executed his will, whereby, after certain money bequests, he gave all of the residue of the estate to his wife, to hold during the term of her natural life, subject to the charge of supporting two daughters until their marriage. The sixth clause of the will was as follows:

"Sixth. From and immediately after the death of my beloved wife, I give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, goods and chattels, of what nature or kind soever, to my children, *Maria Adelheide Koetting,* wife of *John B. Koetting,* Johann Heinrich Kopmeier, *Anna Josephine Schwaab,* wife of Andreas Schwaab, *Katharina Elizabeth Kopmeier,* Gerhard Heinrich Kopmeier, Hubert Stephanus Kopmeier, Albert Heinrich Kopmeier, and Adelheide Theodora Kopmeier, to be divided between them equally, share and share alike, and to have and to hold the same to them, and their heirs and assigns, forever; but none of the real estate which I shall own and die possessed of shall be in any manner conveyed or sold until the expiration of twenty-one (21) years from the date of this instrument; and I wish, and hereby direct my executors, as hereinafter nominated and appointed, that after all the taxes, costs, repairs, and expenses have been paid out of the income, rents, and profits of said real estate, all such net income, rents, and profits to be divided between my said children equally, share and share alike, at the end of every one year during such time, and till the expiration of said twenty-one years, as stated above."

He named his wife as executrix during her life, and provided, "After the death of my said wife, I nominate and appoint *John B. Koetting* and *Maria Adelheide,* his wife,

*Katharina Elizabeth Kopmeier,* and *Gerhard Heinrich Kopmeier* to succeed my said wife as executors;" making, also,. some provision in case of death of such nominees.    John T. Kopmeier died September 2, 1888.    The will was probated,. and letters testamentary issued to the widow, as executrix, May 7, 1889, and she died December 30, 1898.    On March 24, 1900, letters of administration *de bonis non* with the will annexed were issued to *John B. Koetting, Maria A. Koetting,* his wife, *Katharina E. Wolter,* and *Gerhard H. Kopmeier,*—the first being a son-in-law, and the other three, children, of the testator,—and in May of the same year they presented to the county court a petition for the construction of said will, especially the sixth and seventh paragraphs thereof.    The children of the testator named in said sixth paragraph are still alive.    Their ages at the date of the will ranged from that of Adelheide, fifteen years, to that of *Maria A. Koetting,* thirty-six years.    The estate, at the time of the petition, consisted almost exclusively of real estate, of value, approximately, .$150,000, and yielding income of about $5,000.    The county court held all of the limitations upon the estate conveyed to the children invalid, and adjudged in them absolute fee simple, dating from their mother's death.    The circuit court, upon appeal by *Anna J. Schwaab,* one of the children, reversed this judgment, and adjudged that by the will a valid trust term was created, expiring twenty-one years after April 7, 1887; that the legal title to the property became vested in the executors named in the will on December 30, 1898, upon the trust to care for and manage the estate, to receive rents, income, and profits therefrom, to pay taxes, costs, repairs, and expenses, and the net amount of such rents, income, and profits to be divided equally between the children of said testator at the end of each year; also made construction of the seventh paragraph of the will, which is not assailed by either party.

From that judgment the four persons named as executors bring this appeal.

For the appellants there was a brief by *Rogers & Mann,* and oral argument by *Charles Mann.*

For the respondent there was a brief by *Nath. Pereles & Sons* and oral argument by *C. F. Hunter.*

DODGE, J.  The first contention made by appellants is that by the sixth paragraph of the will a devise is made to the testator's children, to take effect upon the death of their mother, absolutely and in fee simple, and that the prohibition against conveyance, being repugnant thereto, is wholly void; basing their contention upon *Zillmer v. Landguth,* 94 Wis. 607.  If the premise were conceded, escape from the conclusion would not be easy; but that premise is controverted by the contention that the will evidently creates a trust in the executors, to continue during the unexpired part of the period limited by twenty-one years from the date of making the will, so that the interest of the remainder-men does not take effect until that time.  If this be so, of course there is no repugnancy between the gift in trust and the provision that no alienation shall occur until its expiration. An examination of this paragraph in the light of the facts as to the condition of the estate, etc., seems to lead with entire certainty to the conclusion that the scheme and purpose of the testator did involve the vesting of the property in trustees.  The care exercised to nominate executors, to come into office only after the death of the widow, prior to which time substantially the whole estate, except realty, must have been distributed, and any further administration of the estate become unnecessary, is significant; but the duties imposed upon them are much more so.  They are directed that after all taxes, costs, repairs, and expenses have been paid out of the income of the real estate, all such net income, rents, and profits shall be divided amongst the children.  This di-

rection, without saying so explicitly, clearly requires that the executors shall retain that real estate in their possession and control, that they shall receive the rents and profits, and that therefrom they shall pay taxes, costs, repairs, and expenses. These duties are essentially those of trustees exercising an active trust, and there can be no doubt of the purpose of the testator that they should have such right or title in and to that real estate as to enable them to effectively perform such duties.

In construing wills, courts are not required to find apt and technical words defining or creating the titles or rights conferred. They are to find the intention of the testator from the will itself, and, that intent having been ascertained, are to adjudge such rights and titles in the beneficiaries as give effect to it. *Littlewood's Will,* 96 Wis. 608; *In re Donges's Estate,* 103 Wis. 497; *Davies v. Davies,* 109 Wis. 129. The testator may not know, and need not in terms declare, whether the estate to be taken by any shall be a fee, a life estate, or a trust; but, if he makes apparent the quality and characteristics of the estate he intends to confer, the courts will give it a name and vitality, if not contrary to law. In the instant case the words giving the estate absolutely to the testator's children immediately upon the death of their mother are followed, and therefore controlled, (*Littlewood's Will, supra*), by other words imposing duties with reference to the same property upon others, the performance of which requires that those others should for a limited period have certain rights of control and management. Such rights constitute an estate, and as they are to be exercised for the benefit not of the holders alone, but of others, also, they constitute an estate in trust. Such, therefore, must have been the will of the testator. That such an intent will be inferred from the obvious purpose of the testator, as evinced by the acts directed in the will, is fully sustained by the authorities cited by respondent. *Scott v. West,* 63 Wis. 529; *Ford v.*

*Ford,* 70 Wis. 19, 57; *Allen v. Boomer,* 82 Wis. 364;*Mather v. Mather,* 103 Ill. 607; *Brewster v. Striker,* 2 N. Y. 19. The conclusion is irresistible that the intent of the testator ·can only be given effect by holding that the remainder in fee devised to his children is postponed till the expiration of twenty-one years from the date of the will, and that during the portion of that period following the death of the widow the real estate is vested in the executors named, as trustees to manage the same, collect the rents, and disburse the same according to the directions of the will. This is, in effect, the construction adopted by the court below, with which, therefore, we concur.

Appellants further contend, however, that this intermediate estate in trust is rendered void by the further provision in the will which regulates and controls it, to the effect that none of the real estate shall be conveyed until the expiration of twenty-one years from the date of the will, which is attacked as an unlawful suspension of alienation, in disobedience of sec. 2039, Stats. 1898. That statute, as it existed at the time of testator's death, prohibited suspension of power of alienation "for a longer period than during the continuance of two lives in being at the creation of the estate *and twenty-one years thereafter."* *De Wolf v. Lawson,* 61 Wis. 469, 476, is cited, where it was held that suspension for any definite term not measured by, or dependent upon, continuance of a life or lives, was prohibited. But that case was decided under a different state of the law, before the above italicized words had been added by ·ch. 551, Laws of 1887. Under the law as it then existed, and as adopted from New York, the decision was unavoidable; for twenty-one years or one year might be longer than any two lives in being at the creation of the estate; both lives might terminate within a day. Under the present statute, however, no term not exceeding twenty-one years is prohibited. To say that twenty-one years can be a longer period than the

continuance of two lives and twenty-one years is to assert that one of its parts can be greater than the whole, the falsity of which is axiomatic in law, as in mathematics. The contention has no support from decisions under a statute like ours. *Potter v. Couch,* 141 U. S. 296; *Barnitz's Lessee v. Casey,* 7 Cranch, 456, 469; 18 Am. & Eng. Ency. of Law (1st ed.), 340, note 2; *Cadell v. Palmer,* 1 Clark & F. 372.

Appellants' insistence that the validity of the will must be tested by the law in force at the time of its execution is without merit. A will is ambulatory during the life of its maker. It is, in effect, reiterated as his testament at each moment of his life after its execution, including the last moment, and is governed by the law existing at the time when it takes effect, upon the testator's death. *Dodge v. Williams,* 46 Wis. 70, 106; *De Peyster v. Clendining,* 8 Paige, 295.

A construction given by the judgment to the seventh paragraph of the will is not made subject of complaint by appellants, and therefore not considered.

*By the Court.*—Judgment affirmed.