[No. 7840.   Decided February 25, 1909.]

HANS B. STRAND *et al.*, *Appellants*, v. CRASSUS STEWART, *as Executor of the Last Will and Testament of Daniel Stewart, Deceased, et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTATION—LIMITA-TION OF ACTIONS.   Claims against the executors of a nonintervention will are barred if not presented within the year limited by notice to creditors.

SAME—CONSTITUTIONAL LAW—PROCEDURE—VESTED RIGHTS.   Laws 1897, p. 285, providing for the publication of notice to creditors by executors of a nonintervention will applies to wills executed prior to the passage of the act, as it relates to a mere matter of procedure; and the same does not affect vested rights where the testator died after the act went into effect.

WILLS—WHAT LAW GOVERNS—DATE OF TESTATOR'S DEATH.   The right to make a testamentary disposition of property is governed by the laws in force at the date of the testator's death, and wills must conform thereto.

EXECUTORS AND ADMINISTRATORS—CLAIMS—NOTICE TO CREDITORS—SOLVENCY OF ESTATE—NONINTERVENTION WILLS.   An adjudication of solvency of an estate, in the case of a nonintervention will, need not precede the publication of notice to creditors, which, by Bal. Code, § 6226, is required immediately upon appointment.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered April 15, 1908, dismissing an action upon a claim against an estate, upon sustaining a demurrer to the complaint.   Affirmed.

*Bugge & Schwartz* and *Allen H. Reynolds*, for appellants. *Brooks & Bartlett*, for respondents.

RUDKIN, C. J.—On the 2d day of April, 1896, Daniel Stewart executed what is commonly known as a nonintervention will.   On the 27th day of April, 1906, the testator died in Walla Walla county, leaving real and personal estate therein subject to administration.   On the 14th day of May,

[1]Reported in 99 Pac. 1027.

1906, the will was admitted to probate in the superior court of Walla Walla county, and letters testamentary issued to Crassus Stewart, the executor therein named. On the 19th day of May, 1906, the executor published notice to creditors, requiring all persons having claims against the estate to present them within one year from the date of the first publication of such notice. On the 5th day of October, 1906, the superior court adjudged the estate to be solvent, and directed the executor to settle and administer the same in the manner provided by the will without the further intervention of the court. On the 24th day of September, 1907, or more than one year after the first publication of notice to creditors, the claim now in suit was presented to the executor, and was by him rejected. This action followed to recover the amount of the claim. A demurrer to the complaint was sustained in the court below, on the ground that the action was not commenced within the time limited by law, and from a judgment of dismissal, this appeal is prosecuted.

The act of March 16, 1897, Laws of 1897, p. 285, relating to nonintervention wills, provides,

"That in all such cases the claims against such estates shall be paid within one year from the date of the first publication of the notice to creditors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time."

Also,

"That upon a publication of notice to creditors to present their claims to such executor, for a period of time and in the manner required of executors and of administrators holding letters testamentary and of administration under the laws of this state, said creditors shall be required to present their claims to the said executor within one year from the date of the first publication of the said notice, and if they fail to do so their claims shall be barred."

From the foregoing statement of the case, it would seem that the cause of action set forth in the complaint is barred

by the act of 1897, *supra*.  The appellants contend, however, that the action is not barred, and that the notice to creditors was ineffectual for two reasons: first, because the will was executed prior to the passage of the act of 1897, consequently the executor had no authority to publish notice to creditors; and second, because the notice to creditors was unauthorized in any event until after the adjudication of solvency.

The first contention is based largely on the decisions of this court in *State ex rel. Phinney v. Superior Court*, 21 Wash. 186, 57 Pac. 337, and *State ex rel. Cox v. Superior Court*, 21 Wash. 575, 59 Pac. 483.  These cases hold that the right to have an estate settled and administered without the intervention of the probate court, and without letters testamentary or of administration, is a vested right which cannot be taken away by subsequent legislative enactment.  These decisions have no application to the case at bar, for two reasons.  In the first place, the provision for notice to creditors and barring all claims not presented within the year, relates to a mere matter of procedure, and is not obnoxious to any provision of the constitution of the United States or of this state, whether the provision be made applicable to estates already in process of administration or to estates to be administered upon in the future.  In the second place, the act of 1897 took effect long before the death of the testator, and as to his estate the act does not divest or interfere with vested rights.  The right to make a testamentary disposition of property is neither a natural nor a constitutional right.  Such right is derived from and rests in positive law.  A will is said to be ambulatory until the death of the testator, and until that event occurs the testamentary disposition is subject to the will of the testator, and likewise to the will of the state as expressed in its public laws.  The will speaks as of the date of the testator's death, and must conform to the laws in force at that time.  These rules are elementary and need no citation of authority in their support. While the legislature may not interfere with or divest estates which have already become vested

through the death of the testator, its power over wills, the manner of their execution, and the mode of carrying out their provisions, is absolute and supreme until death occurs. It is manifest, therefore, that the legislature could extend the provisions of the act of 1897 to wills already executed, in so far as the requirement of notice to creditors and the barring of claims is concerned; and it is equally manifest that the legislature intended so to do.

The second contention is equally unsound. There is no reason why the publication of notice to creditors should be delayed until after an adjudication of solvency, nor is there anything in the act itself to justify such a contention. The only purpose of the adjudication of solvency is to determine whether the estate shall be administered according to the provisions of the will, or according to the provisions of the statute. The executor is the representative of the estate before the adjudication of solvency, as well as afterwards, and notice to creditors must be published whether the estate be solvent or insolvent. The duties of the executor are prescribed by the general laws of the state, which require him to publish notice to creditors immediately upon his appointment. Bal. Code, § 6226 (P. C. § 2531).

There is no error in the record, and the judgment is affirmed.

FULLERTON, CHADWICK, GOSE, DUNBAR, CROW and MOUNT, JJ., concur.