[No. 14365.   Department Two.   April 23, 1918.]

*In the Matter of the Estate of* JOHN A. BROWN. SAMUEL STROM, *Petitioner for the Appointment as Administrator etc., Appellant.*[1]

WILLS—VALIDITY—WITNESSES—NECESSITY.  A written will without witnesses is invalid, under Rem. Code, § 1320, requiring wills to be attested by two subscribing witnesses in the presence of the testator.

WILLS—NUNCUPATIVE WILLS—TIME FOR PROBATE.  The probate of a nuncupative will is properly denied where no proof was offered within six months after speaking the words, as expressly required by Rem. Code, § 1331.

WILLS — HOLOGRAPHIC WILLS — VALIDITY.  The statutes of this state providing the kind of wills that may be executed and the manner of their execution, modifies the common law with reference to holographic wills executed without witnesses; since no provision was made for holographic wills.

Appeal from an order of the superior court for Snohomish county, Bell, J., entered June 25, 1917, denying the probate of an alleged will.  Affirmed.

*Frank L. Kuhn,* for appellant.

MOUNT, J.—This appeal is from an order of the lower court denying the probate of an alleged will. The will is as follows:

"Sam Strom's Homestead, 2-19-1904.
"I am sick to death, am 59 years old, have no relations.  If I die I want my friend Sam Strom to have all my belongings, real and personal; my homestead down the river, my rifle, my books, clothes, dishes, and tools.  And as a part of this will, it shall be the duty

[1]Reported in 172 Pac. 247.

of Sam Strom to lay me to rest in Arlington Cemetery; and further, in case of Strom's failure to return or failure to take me to Arlington, this will is void, my property to go to the state of Washington.

"Sick and alone I here sign my name. God be my witness in the absence of others. (Signed) John A. Brown."

The trial court denied the petition for the reason that the will was not executed in accordance with the laws of this state. The statutes of this state recognize two kinds of wills: written wills and nuncupative wills. Section 1320, Rem. Code, provides that:

"Every will shall be in writing, signed by the testator or testatrix, or by some other person under his or her direction in his presence, and shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator."

Section 1330 of the same code, in reference to nuncupative wills, provides that:

"No nuncupative will shall be good when the estate bequeathed exceeds the value of two hundred dollars, unless the same be proved by two witnesses who were present at the making thereof, and it be proven that the testator, at the time of pronouncing the same, did bid some person present to bear witness that such was his will, or to that effect, and such nuncupative will was made at the time of the last sickness and at the dwelling-house of the deceased, or where he had been residing for the space of ten days or more, except where such person was taken sick from home and died before his return. Nothing herein contained shall prevent any mariner at sea or soldier in the military service from disposing of his wages or other personal property by nuncupative will."

Section 1331 provides that:

"No proof shall be received of any nuncupative will unless it be offered within six months after speaking the testamentary words, nor unless the words, or the substance thereof, be first committed to writing, and

a citation issued to the widow or next of kin of the deceased, that they may contest the will if they think proper.''

If the will in this case is held to be a nuncupative will, it was not offered for probate within the six months, for it was made in February, 1904, and was not offered for probate until June, 1917. If it was offered as a written will, it was not executed in the manner required by § 1320, Rem. Code, *supra*. In either event the will was invalid.

It is argued by the appellant that, inasmuch as our statute makes no provision for holographic wills, the common law prevails in this state, and therefore the will, being a holographic will, is valid and subject to probate. If it may be conceded that capacity to make a holographic will existed at common law and that the common law prevails in this state when not modified by statute, it is clear that the common law has been modified by statute in this state, because no provision was made for such wills. As stated above, the legislature has defined wills and how they shall be executed and by whom, and no provision is made for holographic wills. In the case of *Strand v. Stewart*, 51 Wash. 685, 99 Pac. 1027, we said:

''The right to make a testamentary disposition of property is neither a natural nor a constitutional right. Such right is derived from and rests in positive law. A will is said to be ambulatory until the death of the testator, and until that event occurs the testamentary disposition is subject to the will of the testator, and likewise to the will of the state as expressed in its public laws. The will speaks as of the date of the testator's death, and must conform to the laws in force at that time. These rules are elementary and need no citation of authority in their support. While the legislature may not interfere with or divest estates which have already become vested through the death of the testator, its power over wills, the manner

of their execution, and the mode of carrying out their provisions, is absolute and supreme until death occurs.''

It follows, therefore, that, because the legislature of this state has enacted laws providing for the kind of wills which may be executed and the manner of their execution, those forms of wills not provided for are not recognized. Appellant cites and relies upon the case of *Eaton v. Brown,* 193 U. S. 411. In that case a will similar to the one here was under consideration by the supreme court of the United States; but the only question raised or decided in that case was the proper construction of the will, not its validity, while in this case the validity of the will itself is before us, and not the construction of the will. Of course, in those jurisdictions where holographic wills are valid, a will of the character of the one now under consideration would no doubt be a valid will if it complied with the statutes; but as we have determined above, there is no provision in our statute which permits such a will to be probated. In the case of *Brown v. State,* 87 Wash. 44, 151 Pac. 81, Ann. Cas. 1917D 604, we held that verbal instructions for a will, or words spoken at the time of signing a writing intended as a written will, cannot be proved as a nuncupative will upon its appearing that the written will was not properly executed.

We are satisfied, therefore, that the trial court properly denied the probate of this proposed will: first, because it was not properly executed as a written will; second, because it was not offered in time as a nuncupative will; and third, because a holographic will is not recognized as a valid will in this state.

The judgment appealed from is therefore affirmed.

ELLIS, C. J., HOLCOMB, CHADWICK, and MAIN, JJ., concur.