[No. 14417.   Department One.   May 9, 1918.]

*In the Matter of the Estate of* WILLIAM P. NICHOLS.
JESSIE F. McDONALD, *Legatee etc., Appellant,* v. E. N.
IMUS, *as Executor etc., Respondent.*[1]

WILLS — CONSTRUCTION — CONDITIONS PRECEDENT — RESTRAINT OF MARRIAGE. Since a will speaks from the date of the testator's death, a bequest to a legatee provided she is legally divorced from her husband and still bears his name, is not a restraint of marriage or an inducement to obtain a divorce, since it imposes only a condition precedent and not a condition subsequent; and if she was not divorced at the date of testator's death, the legacy lapsed, notwithstanding a subsequent divorce.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered February 19, 1917, in favor of the defendant, upon an agreed statement of facts, in an action to construe a will. Affirmed.

*Roche & Onstine,* for appellant.

*Skuse & Morrill,* for respondent.

FULLERTON, J.—This is a proceeding instituted in the superior court of Spokane county to obtain a construction of a clause in the will of William P. Nichols, deceased. The case was heard in the lower court, and is before us, upon an agreed statement of facts. The statement summarized shows the following:

(1)   That William P. Nichols died on October 15, 1915, leaving estate in Spokane county, consisting of

[1] Reported in 172 Pac. 1146.

real and personal property, of the approximate value of $22,000.

(2) That he left a will, bearing the date of November 6, 1912, which, among others, contained the following bequest: "I also give and bequeath to Jessie F. McDonald, of Spokane, provided she is legally divorced from her husband, A. S. McDonald, and still bears his name, the sum of one thousand dollars;"

(3) That the will was admitted to probate in Spokane county on October 26, 1915; that one E. N. Imus was named in the will as executor thereof and duly confirmed by the court as such; that the estate has been closed but not distributed, and that there now remain in the hands of the executor sufficient funds to pay all the legacies provided for in the will, including the legacy to the legatee Jessie F. McDonald.

(5) That, after the death of the testator, the legatee obtained a divorce from A. C. McDonald, and has not since remarried, and now bears the name of Jessie F. McDonald.

(6) That the testator, at the time of the execution of his will and at the time of his death, knew that the legatee was not divorced.

The trial court, on the facts stipulated, held that the legatee, because she did not occupy the status defined in the will, was not competent to take thereunder, and adjudged the legacy to have lapsed. From this conclusion, the legatee has appealed.

It is the contention of appellant's learned counsel that the condition imposed on the taking effect of the legacy is one tending to induce the separation of husband and wife and to operate in restraint of marriage, and is thus void as against public policy; contending further that, if the condition be void, the legatee takes under the will as if no condition had been imposed. But without considering the effect of the condition

were it such as the contention implies, we cannot conclude that it is capable of the construction put upon it. A will speaks as of the date of the testator's death. Until that event occurs, it is ambulatory and subject to the control of the testator. *Strand v. Stewart,* 51 Wash. 685, 99 Pac. 1027. The condition here imposed is plainly a condition precedent. It merely provides that, if the legatee, at the time the will goes into effect, has a certain defined status; that is to say, if she is then legally divorced from her husband and has not remarried, she may take the legacy willed her, otherwise not. Such a condition is not an inducement to obtain a divorce, nor is it in restraint of marriage. A condition to have such an effect must be a condition subsequent; it must provide for a future separation and operate as a restraint upon subsequent marriage. It is almost too evident to be capable of demonstration that this condition does neither of these things. Since the will speaks as of the time of the death of the testator, no subsequent divorce could avail the legatee; nor if she had received the legacy, could any subsequent marriage avoid it.

The reasonableness of the condition imposed is not an inquiry for the courts. The property to be given away was the property of the testator. He was privileged to dispose of it in any lawful manner. And when his wishes are ascertained and found to be legal, it is the duty of the courts, in justice to his memory, to carry his wishes into effect.

The order appealed from is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and PARKER, JJ., concur.