GEORGE DRUMHELLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41515, 45752. Promulgated December 2, 1932.

*J. F. Watson, Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

**OPINION.**

TRAMMELL: The portion of the deficiency for the calendar year 1925 which is in issue results from the inclusion in petitioner's gross income of the whole amount of a dividend on Whitehouse-Drumheller Company stock (owned by the marital community) distributable by the company in that year. The deficiency for the calendar year 1927 results from the inclusion in petitioner's gross income for that year of $33,886.24, representing one-half the income of the community estate of which Anna M. Drumheller, deceased wife of petitioner, and petitioner had been owners.

The basis of respondent's determination for both years is that no separate books of account were kept and that the entire income of the estate was distributed to the petitioner.

The petitioner contends that only one-half of the income of the estate is taxable to him and that the other half was not distributed to him and could not be distributed to him because the estate was insolvent and still in the process of administration, and, under the laws of the State of Washington, where an estate is insolvent there can be no distribution in whole or in part to devisees or legatees until all the debts are paid and a final order is entered by the probate court.

We have considered the provisions of the statutes of Washington relative to probate law and procedure, Title X, Remington's Compiled Statutes of Washington, 1922. Sections 1462, 1463 and 1464 provide for the settlement of estates without administration. These sections are quoted in part as follows:

§ 1462. *Settlement Without Court Intervention-Order of Distribution—Management-Citation.* In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that such estate shall be settled without

the intervention of any court or courts, and where it duly appears to the court, by the inventory filed, and other proof, that the estate is fully solvent, which fact may be established by an order of the court on the filing of the inventory, it shall not be necessary to take out letters testamentary or of administration, except to admit the will to probate and to file a true inventory of all the property of such estate and give notice to creditors and to the state board or person having charge of the collection of inheritance tax, in the manner required by existing laws. After the probate of any such will and the filing of such inventory all such estates may be managed and settled without the intervention of the court, if the last will and testament shall so provide. But when the estate is ready to be closed the court, upon application, shall have authority and it shall be its duty, to make and cause to be entered a decree finding and adjudging that all debts have been paid, finding and adjudging also the heirs and those entitled to take under the will and distributing the property to the persons entitled to the same, such decree to be made after notice given as provided for like decrees in the estates of persons dying intestate:  *  *  *  (L. '17, p. 666, § 92.)

§ 1463. *Powers of Nonintervention Executors.* Executors acting under wills such as are mentioned in the last preceding section shall have power, after the filing of an inventory of the estate, if the said estate has been adjudged solvent, to mortgage, lease, sell and convey the real and personal property of the testator without an order of the court for that purpose and without notice, approval or confirmation, and in all other respects administer and settle the estate without the intervention of the court. (L. '17, p. 667, § 93.)

§ 1464. *Right to Possession and Management.* Every executor or administrator shall, after having qualified, by giving bond as hereinbefore provided, have a right to the immediate possession of all the real as well as personal estate of the deceased, and may receive the rents and profits of the real estate until the estate shall be settled or delivered over, by order of the court, to the heirs or devisees, and shall keep in tenantable repair all houses, buildings and fixtures thereon, which are under his control. (L. '17, p. 667, § 94.)

Section 1366 of the Washington statute provides that title to real estate shall vest immediately in the heir or devisee, subject to the debts of the decedent and any other charges for which such real estate is liable under the law, with the provision that no person shall be deemed a devisee until the will has been probated.

Under section 1439, the giving of a bond may be waived if the will expressly provides that no bond be required of the executor.

With respect to claims against an estate, section 1477 provides that every executor or administrator immediately after his appointment shall publish a notice of his appointment and qualification as executor or administrator. and a notice to the creditors of the deceased requiring all persons having claims to serve the same on the executor or administrator or his attorney of record and file with the clerk of the court, together with proof of such service, within six months after the date of the publication of such notice. Claims not filed within the six months are barred. This section also provides that where all the property is awarded to the widow, husband or children, the notice to creditors may be omitted.

Section 1529 provides that within thirty days after the expiration of the time for filing of claims of creditors, the executor or administrator shall make, verify by his oath and file with the clerk of the court a report of the affairs of the estate; such report shall contain a statement of the claims filed and allowed and all those rejected, and, if it be necessary to sell or mortgage any property for the purpose of paying the debts or settling any obligations against the estate, he may in such report set out the facts, showing such necessity, and ask for such sale or mortgage; such report shall likewise state the amount of property, real and personal, which has come into his hands and give a detailed statement of all sums collected by him and all sums paid out.

Section 1531 provides that, when the estate shall be ready to be closed, the executor shall make, verify and file with the court his final report and petition for distribution.

Section 1543 provides that no claim against the estate shall be paid until the same shall have been allowed by both the executor or administrator and the court.

Section 1462 provides that the court has power, *upon application*, to enter an order of distribution in the case of a nonintervention will. In the case of *Schirmer* v. *Nethercutt*, 288 Pac. 265, the court held that under a nonintervention will no final decree of distribution is necessary for the persons entitled to the estate to take possession thereof. See also *State ex rel Johnson* v. *Superior Court for Walla Walla County*, 131 Wash. 264; 230 Pac. 434.

In the instant proceeding it is the petitioner's contention that the estate was insolvent, and, therefore, it did not come within the provisions of section 1462, but is subject to the provisions of the statute applicable to other estates. While it does not appear that the petitioner has complied with the provisions of the statute applicable in the case of an estate under an ordinary will or of an intestate, it is clear that the estate was insolvent, and does not come under the provisions of section 1462, which relate only to solvent estates. There were debts in an amount in excess of the value of the estate. The administration on the estate had not been completed and no distribution had been ordered. The petitioner was acting in a fiduciary capacity for the estate of his deceased wife in so far as her interest in the property and income was concerned. We, therefore, are of the opinion that under the decisions in *J. H. Tippett, Administrator*, 25 B. T. A. 69, and *J. R. Brewer, Administrator*, 17 B. T. A. 704, half of the community income should be taxable to the petitioner, and the other half to the estate of his deceased wife.

We do not see any merit in the petitioner's contention that, since the crediting of the dividend by the company resulted in a reduction

of indebtedness to the company, which was incurred in community business of farming and which would have been deductible as business expenses, no part of the dividend constitutes taxable income. We think that the dividends on the community stock should be treated as other community income without any reduction on account of the offsetting indebtedness. The evidence is not sufficient to show that the indebtedness at the store was with respect to items which would be deductible as expense.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MATTHEWS, dissenting: By its order, the court determined that the will of Anna Drumheller was a nonintervention will, within the meaning of the statute, and authorized and empowered the executor to settle the estate in accordance with the terms of the will and without the intervention of the court. When the petitioner filed the inventory and appraisal with the court on November 30, 1925, and published notice to creditors on December 11, 1925, he had complied with the necessary statutory requirements. Thereafter, he could settle the estate without the intervention of the court.

Except for the nominal bequests of $1 each to the four children, petitioner was sole beneficiary. Both his half of the estate and that willed to him by his wife were subject to the community debts. Sec. 1342, Washington Statutes. Petitioner thus acquired title to all the estate subject to all the community debts. As he was the only person interested in the estate, other than the creditors, there was no reason why he should hold the estate in his capacity as executor. No decree of distribution was necessary for him to take the estate as sole distributee. *Schirmer* v. *Nethercutt*, 288 Pac. 265. His method of handling the estate and the income from it after December 11, 1925, was that of an owner and not that of an executor.

The filing of a list of the claims with the court on June 11, 1931, five years after a list of such claims should have been filed with the court if the estate was to be settled in accordance with the provisions of the statute, is not sufficient, in my opinion, to prove that the estate was insolvent and could not be settled under the nonintervention provisions of the statute or that it had not been distributed to the petitioner.

It would not appear from section 1462 of the Washington Statutes, relative to settlement without court intervention, that an order of solvency is required, but the court must be shown that the estate is fully solvent before an order authorizing the executors to settle it in accordance with the terms of the will, without the intervention

of the court, will be issued. In *Strand* v. *Stewart*, 51 Wash. 655; 99 Pac. 1027, which involved a nonintervention will, the court said that "the only purposes of the adjudication of solvency is to determine whether the estate shall be administered according to the provisions of the will or according to the provisions of the statute."

While no order of solvency was issued in the instant case, the court must have been satisfied that the estate was fully solvent, because it authorized and empowered the executor to settle the estate in accordance with the terms of the will and without the intervention of the court.

The position which the petitioner now takes is inconsistent with that which he took at the time he offered the will for probate and he must abide by the earlier one. See *Matern* v. *Commissioner*, 61 Fed. (2d) 663.

It is a general rule that, when an executor is also legatee or distributee, no formal act is necessary to vest title to the legacy or distributive share in him as an individual, any act on his part showing an intention to retain assets in payment being sufficient. 24. C. J. 471, and *Mallet* v. *Hall*, 150 Atl. 533.

In *Henbest's Estate*, 12 Phila. (Pa.) 72, it was held that a deposit in his individual name by an executor who is also legatee, of rents which he had collected, is legitimate proof of his intention to retain them in part payment of his legacy.

In the instant proceeding, the general conduct of the farm, and the deposit of the proceeds from the operation of the business in his personal bank account, indicate a distribution of the estate, as well as of the income to himself as legatee and distributee.

I think, therefore, the determination of the respondent should be approved.

STERNHAGEN agrees with this dissent.