Honorable Toby Nixon State Representative, 45th District P.O. Box 40600 Olympia, WA 98504-0600
Dear Representative Nixon:
By letter previously acknowledged, you asked for the legal opinion of this office on several questions concerning the authority of employees of state and local government to strike. We have paraphrased and consolidated your questions as follows:
 1. Do state and local public employees, including teachers, have a legally protected right to strike?
 2. What penalties or legal remedies are available against state and local employees who engage in a strike?
 3. May the Legislature constitutionally establish penalties that would apply to state or local public employees who strike, and to unions and union officials who encourage strikes by such employees?
 BRIEF ANSWER
In Washington, state and local public employees do not have a legally protected right to strike. No such right existed at common law, and none has been granted by statute. State[original page 2] statutes presently do not impose penalties on public employees for engaging in a strike. Under appropriate circumstances, a court may enjoin a public employee strike and may impose penalties for noncompliance. If it so chooses, the Legislature may establish penalties that would apply to employees who engage in unlawful strikes. Provided they are consistent with significant limitations based in free speech guarantees, the Legislature also may establish penalties applicable to employees, unions, and union officials who incite unlawful strikes.
1. Do state and local public employees, including teachers,have a legally protected right to strike?[1]
Although no Washington appellate case has directly considered the question of whether state employees or teachers have the right to strike, in a case involving employees of a port district, the Washington Supreme Court held that public employees do not have a legally protected right to strike. In Port ofSeattle v. Int'l Longshoremen's Warehousemen's Union,52 Wn.2d 317, 324 P.2d 1099 (1958), union members employed by the port went on strike. The Court affirmed a trial court order enjoining the strike, stating in part that "[a]bsent legislation . . . we feel compelled to hold that the right to strike is subordinate to the port's immunity therefrom." Id. at 323. The "general immunity of government from a strike" referenced by the Court inPort of Seattle (id. at 319) is a recognition that at common law public employees have no right to strike. "As a general rule, public employees, even in the absence of express statutory prohibition, are denied the right to strike or to engage in a work stoppage against a public employer." James Duff, Jr., Annotation, Labor Law: Right of Public Employees to Strike orEngage in Work Stoppage, 37 A.L.R.3d 1147, 1156 (1971).[2]
Since 1958, the Court has reiterated its holding in Port ofSeattle and noted that the Legislature has not acted to authorize strikes by Washington public employees. See RozaIrrigation Dist. v. State, 80 Wn.2d 633, 497 P.2d 166 (1972) (RCW 41.56, the public employee collective bargaining law, preserved the Court's ruling in Port of Seattle and "expressly[original page 3] disavowed any grant of the right to strike").Id. at 638.[3] See also the plurality opinion in Burke Thomas, Inc. v. Int'l Org. of Masters, Mates Pilots,92 Wn.2d 762, 770-71, 600 P.2d 1282 (1979) (at common law and by statute, Washington public employees have no right to strike). Absent a statute altering the common law, the common law prevails. Mickelson v. Williams, 54 Wn.2d 293, 296,340 P.2d 770 (1959); In re Brown's Estate, 101 Wash. 314, 316,172 P. 247 (1918).
2. What penalties or legal remedies are available againststate and local employees who engage in a strike?
Although we have located three statutes affirmatively prohibiting public employees from striking,[4] we have located no Washington statutes imposing penalties on employees of state or local government for engaging in a strike. One potential legal remedy when public employees strike (as it was in Port ofSeattle) is a court order enjoining the strike.[5] To be entitled to this remedy, the party seeking the injunction ordinarily must show (1) a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) that the act complained of either has, or will result in, actual and substantial injury. Tyler Pipe Indus., Inc. v. Dep't ofRev., 96 Wn.2d 785, 638 P.2d 1213 (1982); Port of Seattle,52 Wn.2d at 319.[6] Courts also possess broad authority to enforce compliance with injunctive orders, including the power to punish contempt. See RCW 7.40.150-70. Disciplinary action against public employees who engage in a strike also may be a potential remedy depending on the particular facts, including the laws and rules governing the employment relationship.
[original page 4]
 3. May the Legislature constitutionally establish penaltiesthat would apply to state or local public employees who strike,and to unions and union officials who encourage strikes by suchemployees?
As noted above, no Washington statute appears to establish penalties against public employees for engaging in a strike against their government employers, and no Washington appellate decision considers the validity of a law penalizing public employees who so strike. However, federal statutes prohibit employees of the federal government and the District of Columbia from striking (5 U.S.C. § 7311(3)) and impose criminal penalties for doing so (18 U.S.C. § 1918(3)). These provisions were sustained against constitutional challenges on vagueness, First Amendment, and Equal Protection grounds in United Fed'n ofPostal Clerks v. Blount, 325 F. Supp. 879, aff'd 404 U.S. 802
(1971). We have no basis to believe that the Washington Constitution would afford greater protection to public employee strikes; nor have we identified other potentially viable constitutional challenges to such laws. Accordingly, we conclude that statutes (1) prohibiting public employees from striking and (2) punishing violators would be constitutionally permissible.
We reach a different conclusion with respect to advocating the right to strike. The federal statutes cited above also contain provisions prohibiting federal employees from asserting the right to strike (5 U.S.C. § 7311(4)) and from belonging to an employee organization that asserts the right to strike against the federal government (18 U.S.C. § 1918(4)). Employees also were required to take an implementing oath to comply. Those statutory provisions and the oath requirement relating to them were held invalid on First Amendment grounds. United Fed'n of Postal Clerks,325 F. Supp. at 881; Nat'l Ass'n of Letter Carriers v. Blount,305 F. Supp. 546 (1969). The First Amendment does not permit government "to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." Brandenburg v. Ohio, 395 U.S. 444, 447,89 S. Ct. 1827, 23 L. Ed. 2d 430 (1969). Thus, a statutory prohibition or limitation relating to speech with respect to public employee strikes would have to be tailored to this standard to satisfy constitutional requirements.
We hope this opinion will be of assistance to you.
Sincerely,
ROB McKENNA Attorney General
MAUREEN HART Solicitor General
:pmd
[1] For purposes of this opinion, we define "strike" as concerted activity to deprive an employer of the services of its employees, whether the activity takes the form of a slow down, work stoppage, or other similar concerted interruption of operations by employees.
[2] No Washington appellate court decisions concerning the validity of strikes by public employees arise in the specific context of a strike by teachers. We note that superior courts in Washington have enjoined strikes by teachers, although these decisions are not of precedential value. For example, in 2002, the King County Superior Court issued an order enjoining a teacher strike in Issaquah School District No. 411 v. IssaquahEducation Association, No. 02-2-26066-7SEA. In 2003, the Snohomish County Superior Court ordered teachers back to work during negotiation of a new contract in Tired of the Strike, etal. v. Marysville Education Association, et al., No. 03-2-10942-6.
[3] RCW 41.56 provides collective bargaining rights to many employees of local government and certain state employees. RCW 41.56.020-.025, .100. However, RCW 41.56.120 expressly provides: "Nothing contained in this chapter shall permit or grant any public employee the right to strike or refuse to perform his official duties." Virtually identical language disclaiming the grant of any right to strike is part of the law providing for collective bargaining rights for state employees. See RCW41.80.060. The Legislature enacted a similar provision with respect to port districts. See RCW 53.18.020.
A separate chapter, RCW 41.59, grants certificated employees of school districts (who include teachers) the right to engage in collective bargaining. RCW 41.59.020(4), .060. However, no provision of RCW 41.59 grants the right to strike. It might be argued that because RCW 41.59 does not expressly disavow the right to strike, such a right is implied. We do not believe that such an argument would be sound. As discussed above, at common law, public employees do not possess the right to strike. It seems apparent from RCW 41.56 and 41.80 that a right to strike does not inhere in the right to engage in collective bargaining. Similarly, in Port of Seattle, the Court recognized that there is a significant difference between the power to enter into collective bargaining contracts and the power of employees to strike. Id., 52 Wn.2d at 321.
[4] See RCW 47.64.140 (unlawful for ferry system employees to strike against the ferry system); RCW 28B.52.078 (prohibiting strikes by community college faculty); RCW 41.76.065 (faculty of four-year higher education institutions prohibited from striking).
[5] See note 2 above.
[6] RCW 47.64.140(3) authorizes a temporary injunction against a strike or imminently threatened strike by workers of the ferry system on a somewhat lesser showing.